**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ian Gage, | No. CV-21-01589-PHX-JZB |
| Plaintiff, | **ORDER** |
| v. | |
| Arizona Board of Regents, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's "Notice of Filing First Amended Complaint" (doc. 32.) and Defendants' "Motion to Dismiss Counts One and Two of Plaintiff's First Amended Complaint and Response in Opposition to Plaintiff's Notice of First Amended Complaint." (Doc. 35.) Defendants move to dismiss the First Amended Complaint ("FAC") (doc. 33) pursuant to Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim. (Doc. 35.)

The Court will construe Plaintiff's "Notice of Filing First Amended Complaint" (doc. 32) as a Motion to Amend the Complaint, and grant the Motion, overruling Defendants' objections to the amendment. The Court will grant Defendants' Motion to Dismiss as to Defendant Christensen, but otherwise deny the Motion for the reasons explained herein.

## I.     Background.

On September 15, 2021, Plaintiff Ian Gage filed this action alleging discrimination

and retaliation by Arizona Board of Regents ("ABOR"), and two of its employees, Titilayo Ilori and Rachele Peterson, in their official and individual capacities. (Doc 1.) On May 17, 2022, the Court granted Defendants' partial motion to dismiss (doc. 17), including dismissing without prejudice Plaintiff's claims against Defendants Ilori and Peterson under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601. (Doc. 24.)

On July 29, 2022, Plaintiff filed a Notice of FAC (doc. 32) and the FAC (doc. 33). In Counts One and Two, Plaintiff alleges FMLA discrimination and retaliation by Defendant Peterson and a newly added defendant, Ann Christensen ("individual defendants"). (Doc. 33 at 2, 10-11.) Defendant Ilori was not named in the FAC.[1] Plaintiff alleges the individual defendants were aware of his need for FMLA leave, terminated him soon after his request for medical leave and retaliated against him for reporting problems with the FMLA process to the Human Resources Department. (Doc. 33 at 10-11.) Plaintiff also alleges violations of the Equal Pay Act by ABOR. (Doc. 33 at 12-13.)

On August 19, 2022, Defendants filed a Motion to Dismiss Counts One and Two and Response in Opposition to Plaintiff's First Amended Complaint. (Doc 35.) The Motion is now fully briefed. (*See* Docs. 36 (Plaintiff's Reply in Support of the Motion to Amend), 37 (Plaintiff's Response in Opposition to the Motion to Dismiss), 38 (Defendants' Reply in Support of the Motion to Dismiss).)

## II.     Legal Standards.

### A.     Rule 12(b)(6).

A successful motion to dismiss under Rule 12(b)(6) must show either that the complaint lacks a cognizable legal theory or fails to allege facts sufficient to support its theory. *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013) (citing *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)). A complaint that sets forth a cognizable legal theory will survive a motion to dismiss if it contains "sufficient

---

[1] Defendants argue the Court should dismiss with prejudice Plaintiff's claims against Defendant Ilori. The Court declines to do so. Plaintiff's claims against Defendant Ilori were dismissed without prejudice in this Court's May 17, 2022 order, (doc. 24), and Plaintiff's decision not to re-allege the claims suggests Plaintiff has abandoned his claims against Defendant Ilori.

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

In ruling on a 12(b)(6) motion, the Court takes the plaintiff's well-pleaded factual allegations as true and construes them in the light most favorable to the plaintiff. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Legal conclusions couched as factual allegations are not entitled to a presumption of truth and are not sufficient to defeat a 12(b)(6) motion. *Iqbal*, 556 U.S. at 678. A complaint does not need to have detailed factual allegations, but it must have more than a "the-defendant-unlawfully-harmed-me accusation." *Id*.

**B.    Rule 12(b)(1).**

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Because subject matter jurisdiction involves a court's power to hear a case, it cannot be forfeited or waived. *United States v. Cotton*, 535 U.S. 625, 630 (2002). "[C]ourts have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999); *see also* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss the action if subject matter jurisdiction is lacking).

A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in the complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* Where, as here, Defendants factually challenge the assertion of

jurisdiction, the court may consider evidence extrinsic to the complaint. *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009). Plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence. *Id.*

**III.    Analysis.**

    **A.    Plaintiff's Motion to Amend.**

       As an initial matter, Defendants object to Plaintiff's Motion to Amend, arguing the filing of the amendment is unduly prejudicial, causes undue delay, and is futile because the claim against Defendant Christensen is untimely. (Doc. 35 at 2-6.). The Court will overrule Defendants' objections, finding no undue prejudice or delay is caused by Plaintiff's re-alleging claims this Court dismissed without prejudice. (Doc. 24.) The Court will grant Plaintiff's Motion to Amend and address Defendants' contentions in the Motion to Dismiss.

    **B.    Defendants' Motion to Dismiss.**

       In the Motion to Dismiss, Defendants argue Counts One and Two of the FAC should be dismissed for three reasons: (1) the claims against Defendant Christensen are time-barred, (2) Plaintiff failed to state an FMLA interference claim because he did not allege the individual defendants had authority or control over the FMLA process, and (3) this Court lacks subject matter jurisdiction because the individual defendants are no longer employed by ABOR and thus lack the authority to grant the requested equitable relief. (Doc. 35 at 8-11.)

         **1.    Claims Against Defendant Christensen are Time-Barred.**

       Defendants first argue the claims against Defendant Christensen are time-barred because the FAC adding Christensen as a party was filed after the applicable two-year statute of limitations. (Doc. 35 at 5-6, 8.) Plaintiff acknowledges the claim against Defendant Christensen was filed after the applicable two-year statute of limitations. *See* 29 U.S.C. § 2617(c)(1) (establishing a two-year statute of limitations for FMLA violations). However, Plaintiff argues that the claims against Defendant Christensen are not time-barred because (a) the claims in the amendment relate back to the date of the original

complaint, and (b) even if the claims do not relate back, the applicable statute of limitations is three years, not two.

### a.    Relation Back.

Plaintiff first argues his claims against Defendant Christensen in the FAC are timely because they relate back to the date of the original complaint. Rule 15(c) provides an amendment that adds a party as a defendant "relates back" to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading," and:

> within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(C). Rule 15(c) is liberally applied to provide maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities. *ASARCO, LLC v. Union Pac. R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2004). The party seeking amendment must satisfy the rule's requirements. *Martell v. Trilogy Ltd.*, 872 F.2d 322, 324 (9th Cir. 1989). This Court has discretion to determine whether an amendment relates back. *Louisiana-Pac. Corp. v. ASARCO, Inc.*, 5 F.3d 431, 434-35 (9th Cir. 1993).

Defendants argue Plaintiff has failed to meet two elements of Rule 15, that Christensen was on notice of the action, and that she knew or should have known the action would be brought against her "but for a mistake concerning the proper party's identity." (Doc. 35 at 5-6.) The Court addresses each in turn.

### i.    Notice.

Plaintiff argues Christensen constructively received notice of the action because she shared a community of interests with the named defendants and she is represented by the same attorneys. (Doc. 36 at 5-6.) Plaintiff also suggests Christensen worked closely with

Peterson, and that Christensen knew she was Plaintiff's supervisor when the alleged FMLA discrimination and retaliation occurred. (Doc. 36 at 5.)

Under Rule 15, the new party must have received notice of the action within 120 days of the original complaint and not be prejudices in defending on the merits. Fed. R. Civ. P. 15(c)(1)(C)(i), 4(m). Notice may be actual or constructive or it may be imputed to a defendant with an "community of interest" with the named defendant. *G.F. Co. v. Pan Ocean Shipping Co.*, 23 F.3d 1498, 1503 (9th Cir.1994). Community of interest exists when "the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other." *Id.*; *see Korn v. Royal Caribbean Cruise Line, Inc.*, 724 F.2d 1397, 1401 (9th Cir. 1984) (finding new defendant had constructive notice where agent for claim purposes knew of the lawsuit); *Brink v. First Credit Res.*, 57 F. Supp. 2d 848, 854 (D. Ariz. 1999) (noting that the party in control over daily operations is "typically deemed to have received constructive notice of the action [against the organization]" (citations omitted)).

Construing Rule 15(c) liberally, Plaintiff has shown that notice of the suit is imputed to Christensen through a community of interest, considering Christensen's close relation with the named defendants. *See G.F. Co.*, 23 F.3d at 1503. Plaintiff alleges Christensen at all material times was a "Medical Director and/or site supervisor for Defendant ABOR," and that Defendant Peterson was an "Executive Director for Defendant ABOR." (Doc. 33 at 2.) Both individual defendants are alleged to be supervisors for ABOR's "All of Us" health care provider organization through University of Arizona and Banner Health, which "was a separate 'unit' of sorts with its own infrastructure, and its own HR department all under supervision of Ms. Peterson." (Doc. 33 at 3.) Plaintiff further alleges "Defendant Ann Christensen became Plaintiff's new supervisor (indeed over the site itself), under the direction of Rachele Peterson." (Doc. 33 at 7.) Plaintiff has sufficiently alleged that Christensen worked closely with the named defendants, ABOR and Peterson, such that filing suit against one serves to provide notice to the other. *See G.F. Co.*, 23 F.3d at 1503. Plaintiff has met his burden to show Christensen was on notice of the filing of the action

1   such that she will not be prejudiced as required by Rule 15(c)(1)(C)(i).

2                          **ii.    Mistake.**

3          Defendants argue Plaintiff cannot show Christensen knew or should have known

4   she would be named in the complaint absent a mistake in the identity of the proper party

5   under Rule 15(c)(1)(C)(ii). Defendants cite Plaintiff's charges filed with the Equal

6   Employment Opportunity Commission ("EEOC") dated May 10, 2019, and June 20, 2019

7   (doc. 1-2 at 4-5), which predate the filing of this action on September 15, 2021. (Doc. 1.)

8   In the EEOC charge, Plaintiff named Christensen as his interim supervisor and responsible

9   party for retaliating against him for filing the first EEOC charge. *Id.*

10         That Plaintiff knew of the existence of a party does not foreclose the application of

11  Rule 15(c). *Krupski*, 560 U.S. at 541. "[I]t would be error to conflate knowledge of a party's

12  existence with the absence of mistake." *Id.* at 548. A plaintiff may generally have known

13  what the party does but have misunderstood the role the party played in the "'conduct,

14  transaction, or occurrence' giving rise to her claim." *Id.* at 549. On the other hand, a

15  plaintiff may have made "a deliberate choice to sue one party instead of another while fully

16  understanding the factual and legal differences between the two parties." *Id.* at 549; *see*

17  *Nelson v. Adams USA, Inc.*, 529 U.S. 460, 467, n.1 (2000) (holding amendment did not

18  relate back where plaintiff knew of the party's "*role* and existence" and added the new

19  party only after learning the named defendant could not satisfy the judgment (emphasis

20  added)). In either case, the *only* question is whether the new defendant should have known

21  that, absent some mistake, that action would be brought against him. *Krupski*, 560 U.S. at

22  549 (emphasis added). Courts assess a plaintiff's conduct only insofar as it informs what

23  the defendants should have understood about the plaintiff's intent in filing suit against the

24  first defendant. *Krupski*, 560 U.S. at 553-54 (citing *Leonard v. Parry*, 219 F.3d 25, 29

25  (C.A.1 2000) ("[P]ost-filing events occasionally can shed light on the plaintiff's state of

26  mind at an earlier time" and "can inform a defendant's reasonable beliefs concerning

27  whether her omission from the original complaint represented a mistake (as opposed to a

28  conscious choice)")).

1    In the present case, Plaintiff has not alleged that Christensen knew or should have
2    known she would be named as a defendant absent some mistake. Plaintiff offers no
3    explanation for Christensen's omission in the original complaint. The only evidence
4    bearing on Christensen's knowledge or awareness is Plaintiff's two EEOC charges naming
5    Christensen, which, taken in consideration with Plaintiff's original complaint naming only
6    individual defendants Ilori and Peterson, does not suggest Christensen should have known
7    she was the proper defendant but for Plaintiff's mistake as to her role or identity. Plaintiff
8    does not argue he only recently understood Christensen's role in the alleged harm. *See*
9    *Krupski*, 560 U.S. at 549; *Nelson*, 529 U.S. at 467. Plaintiff has thus not met his burden to
10   meet the requirements of Rule 15(c). *Martell*, 872 F.2d at 324; *Louisiana-Pac. Corp.*, 5
11   F.3d at 434. Where, as here, there is no allegation or evidence a defendant should have
12   expected to be sued, "[a] prospective defendant who legitimately believed that the
13   limitations period had passed without any attempt to sue him has a strong interest in
14   repose." *Krupski*, 560 U.S. at 550. Accordingly, the Court finds Plaintiff's claims against
15   Defendant Christensen do not relate back to the date of the original complaint under
16   Rule 15(c).

17                       **c.      Applicable Statute of Limitations.**

18   Plaintiff next argues the claims against Defendant Christensen are nonetheless
19   timely because the FAC adding claims against Christensen was filed within the three-year
20   statute of limitations for "willful" violations of the FMLA. (Doc. 36 at 6.) *See* 29 U.S.C. §
21   2617(c)(2). Plaintiff cites the paragraph in the FAC alleging "Individual Defendants'
22   actions were willful." (Doc. 36 at 6 (citing Doc. 33 at 10, ¶ 113.))

23   To show willful conduct, Plaintiff must allege the employer knew, or showed
24   reckless disregard for whether, its conduct was prohibited by the FMLA. *Olson v. United*
25   *States by and though Dep't of Energy*, 980 F.3d 1334, 1339 (9th Cir. 2020). To overcome
26   a Rule 12(b)(6) motion, Plaintiff must demonstrate "more than labels and conclusions, and
27   a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S.
28   at 555 (citation omitted). Plaintiff's bare allegations that "Defendants' actions were

1    willful," do not support an inference Defendants knew or showed reckless disregard for

2    whether Defendants violated the FMLA or suffice to extend the statute of limitations under

3    29 U.S.C. § 2617(c)(2). Therefore, the Court finds the applicable statute of limitations for

4    Plaintiff's claims is two years. *See* 29 U.S.C. § 2617(c)(1)

5          Accordingly, because Plaintiff's claims against Defendant Christensen in Counts

6    One and Two of the FAC do not relate back to the original complaint, and were presented

7    beyond the applicable statute of limitations, those claims will be dismissed with prejudice

8    as time-barred. *See* 29 U.S.C. § 2617(c)(1).

9                **2.        Plaintiff Sufficiently States a Claim for FMLA Interference.**

10         Defendants next argue that Plaintiff has failed to state an FMLA interference claim

11   because Plaintiff did not allege the individual defendants had authority or control over the

12   FMLA process to deny him FMLA leave.[2] (Doc. 35 at 9-10.)

13         Under the FMLA, "an eligible employee shall be entitled to a total of 12 work-weeks

14   of leave during any 12-month period . . . [b]ecause of a serious health condition that makes

15   the employee unable to perform the functions of the position of such employee." 26 U.S.C.

16   § 2612(a)(1). The FMLA makes it unlawful for any covered employer to "interfere with,

17   restrain, or deny the exercise of or the attempt to exercise" an eligible employee's right to

18   protected FMLA leave. 29 U.S.C. § 2615(a)(1).

19         To state a claim for FMLA interference, a plaintiff must allege the following: (1) he

20   is an eligible employee; (2) his employer is covered under the FMLA; (3) he was entitled

21   to take leave; (4) he gave notice of his intention to take leave; and (5) the defendant denied

22   him the benefits to which he was entitled under the FMLA. *Sanders v. City of Newport*,

23

24   [2] The Court notes that Defendants, in § II(C) of their Motion, state that "Plaintiff's FMLA
     Interference and Retaliation Claims in Counts One and Two Fail to State A Claim Upon
25   Which Relief Can Be Granted." (*See* Doc. 35 at 8.) However, in the body of that section,
     Defendants argue only that Plaintiff failed to state an FMLA interference claim in Count
26   One, and make no argument as to Count Two, the FMLA retaliation claim. (*Id.* at 8-10.)
     Nor do Defendants make such an argument relating to Count Two anywhere else in their
27   papers. (*See generally* Docs. 35, 38.) Therefore, the Court concludes Defendants have not
     moved to dismiss Count Two for failure to state a claim. Accordingly, the Court will not
28   address the sufficiency of Count Two under Rule 12(b)(6) in this Order. To the extent
     Defendants seek to dismiss Count Two for failure to state a claim, that request will be
     denied.

657 F.3d 772, 778 (9th Cir. 2011). "The FMLA creates two interrelated, substantive employee rights: first, the employee has a right to use a certain amount of leave for protected reasons, and second, the employee has a right to return to his or her job or an equivalent job after using protected leave." *Bachelder v. Am. W. Airlines, Inc.*, 259 F.3d 1112, 1122 (9th Cir. 2001). In other words, a plaintiff may state a claim for FMLA interference by showing "the employer den[ied] the employee's entitlement to FMLA leave," *Xin Liu v. Amway Corp.*, 347 F.3d 1125, 1135 (9th Cir. 2003), or that the taking of FMLA-protected leave was a factor in the decision to terminate him, *see Bachelder*, 259 F.3d at 1122-23.

"FMLA interference can take many forms including, for example, using FMLA leave as a negative factor in hiring, promotions, disciplinary actions, and no-fault attendance policies." *Olson*, 980 F.3d at 1338. "[T]he inquiry for interference is whether the employer's conduct makes an employee less likely to exercise their FMLA leave rights because they can expect to be fired or otherwise disciplined for doing so." *Id.*

Available remedies for a successful FMLA claim include monetary damages equal to the amount of "any wages, salary, employment benefits, or other compensation denied or lost to such employee by reason of the violation," and "such equitable relief as may be appropriate, including employment, reinstatement, and promotion." 29 U.S.C. § 2617(a)(1). However, the plaintiff is not entitled to any rights, benefits, or positions they would not have been entitled to had they not taken leave. *Xin Liu*, 347 F.3d at 1132.

Plaintiff has plausibly stated a claim for FMLA interference against Defendant Peterson. In the FAC, Plaintiff alleges his first request for medical leave for a mental health condition was denied, and that HR denied the request at Defendant Peterson's direction. (Doc. 33 at 7.) Plaintiff further alleges on May 9, 2019, he requested FMLA leave from Human Resources for an upcoming surgery to take place in June 2019, and Defendant Peterson, as Executive Director, decided or substantially influenced the decision to modify Plaintiff's "job and his job duties to a short-term (rather than annual) contract to end on September 16, 2019 . . . because of Plaintiff's announced need for FMLA leave." (*Id.*

at 7-8.) He also asserts on June 18, 2019, he was placed on a corrective action plan requiring significant improvement, "at the behest of or with input from Ms. Peterson." *Id.* Plaintiff asserts he lost computer access and was escorted from the facility and ultimately his FMLA request was not improved because HR "gave Plaintiff impossible deadlines to return the FMLA paperwork." *Id.* Plaintiff alleges after he later informed Peterson of three upcoming surgeries, Peterson excluded him from a company-wide retreat and then sent him a contract non-renewal on September 11, 2019. (Doc. 33 at 9.) Plaintiff's last day of employment was September 16, 2019. *Id.* Lastly, Plaintiff asserts Peterson made the decision to terminate him because of his need for FMLA leave. *Id.*

The Court finds that Plaintiff's factual assertions plausibly support an inference that Plaintiff was denied FMLA leave at the direction of Defendant Peterson, and that his need for FMLA leave was a factor in his termination. *Xin Liu*, 347 F.3d at 1136-37 (finding triable issue of fact as to whether supervisor considered plaintiff's leave in recommending termination). Defendants contend Plaintiff has failed to allege the individual defendants had authority or control over the FMLA process, or individually denied his request for time off. (Doc. 35 at 10.) Defendants' argument is not persuasive. Plaintiff alleged that Peterson, as Executive Director and Plaintiff's direct supervisor, influenced HR's decisions regarding medical leave (doc. 33 at 7), and made the decision to not renew his contract based on his need for FMLA leave (*id.* at 9).

Defendants also argue that Plaintiff did not provide notice of his need for FMLA because Plaintiff did not fill out the FMLA paperwork. (Doc. 35 at 11.) Defendants' argument fails. To provide notice of the need for FMLA, "[e]mployees need only notify their employers that they will be absent under circumstances which indicate that the FMLA might apply." *Bachelder*, 259 F.3d at 1130 ("The employee need not expressly assert rights under the FMLA or even mention the FMLA, but may only state that leave is needed" (quoting 29 C.F.R. § 825.302(c)). "It is the employer's responsibility to determine when FMLA leave is appropriate, to inquire as to specific facts to make that determination, and to inform the employee of his or her entitlements." *Xin Liu*, 347 F.3d at 1134. In his FAC,

Plaintiff has included several allegations that both HR and Defendant Peterson were informed of medical issues and upcoming medical procedures that would indicate that FMLA leave might apply. Specifically, on May 8, 2019, Plaintiff contacted HR seeking emergency leave for his mental health. (Doc. 33 at 7, ¶ 66.)  On June 3, 2019, Plaintiff sent an email to Defendant Christensen informing her of his upcoming surgery. (*Id.*, ¶ 73.) Shortly after sending that email, on June 17, 2019, Ms. Christensen issued Plaintiff a negative contract modification "due to instructions from above." (*Id.* at 8, ¶¶ 76, 80). Ms. Christensen was directly supervised by Defendant Peterson. (*Id.*, ¶ 80.) Taken as true, these allegations are sufficient to show that Plaintiff provided Defendants with notice of his FMLA claims. *See Bachelder*, 259 F.3d at 1130.

To the extent Defendants argue that Plaintiff's failure to complete his FMLA paperwork is fatal to his claim, that argument also fails. In their Motion, Defendants cite *Bailey v. Sw. Gas Co.*, 275 F.3d 1181, 1185–86 (9th Cir. 2002), for the proposition that a failure to sign FMLA paperwork is fatal to an FMLA interference claim. But that case does not suggest an FMLA claim should be dismissed under the circumstances here. In *Bailey*, the Ninth Circuit affirmed a grant of summary judgment to the employer in an FMLA interference claim where the plaintiff refused to provide evidence of her medical condition which the employer needed to evaluate her fitness for duty, and where plaintiff testified she never had a medical condition or requested FMLA leave and would not have accepted FMLA leave if it were offered. *Id.* at 1185. In contrast, here Plaintiff alleges he indicated to his employer he needed leave to recover from surgery, his employer did not give him reasonable opportunity to sign the FMLA paperwork and he was denied FMLA leave that he was entitled. (Doc. 33 at 8.) Plaintiff has stated a claim for FMLA interference as to Defendant Peterson.

### 3.    Subject Matter Jurisdiction.

Lastly, Defendants argue this Court lacks subject matter jurisdiction over the individual defendants named in Counts One and Two because the claims against them are moot. (Doc. 35 at 6-7.) Specifically, Defendants argue that because the individual

defendants are no longer employed by ABOR, the individual defendants cannot grant the equitable relief sought of "employment, reinstatement and promotion." (*Id.* at 7.) In response, Plaintiff argues if the individual defendants are no longer employed, the proper remedy is substitution, and that dismissal is inappropriate because the individual defendants are also sued in their individual capacities for damages. (Doc. 36 at 3-4.)

The Court considers Defendants' declaration in support of its motion to dismiss (doc. 35-1) for the purpose of deciding whether this Court has subject matter jurisdiction. *See Robinson*, 586 F.3d at 685 ("[T]he Court may determine jurisdiction on a motion to dismiss . . . under rule 12(b)(1)[,]" and "may hear evidence regarding jurisdiction and resolve factual disputes where necessary.") (internal quotations omitted) (cleaned up). Defendants' attached declaration states Defendants Christensen and Peterson are no longer employees of ABOR as of August 2, 2019, and February 7, 2020, respectively. (Doc. 35-1 at 4-5.) This information regarding Ms. Christensen and Ms. Peterson's employment status was not made available to the Court at the time of its order on the first partial motion to dismiss. (Doc. 24.)

As explained above, Plaintiff has sufficiently stated a claim for FMLA interference against Defendant Peterson, and Plaintiff's claims against Defendant Peterson in Count Two have gone unchallenged. If Plaintiff is ultimately successful on Counts One and Two against Defendant Peterson, the available remedies include monetary damages for lost wages, employment benefits or other compensation and equitable relief including employment, reinstatement, and promotion to which plaintiff would have been entitled if the FMLA interference had not occurred. 29 U.S.C. § 2617(a)(1); *Xin Liu*, 347 F.3d at 1132.

The fact that Defendant Peterson is no longer be employed by ABOR does not insulate Plaintiff's former employer from exposure to potential injunctive relief. *See Doe v. Lawrence Livermore Nat. Lab'y.*, 131 F.3d 836, 839 (9th Cir. 1997) (concluding reinstatement is prospective injunctive relief that may be sought against officials sued in their official capacity because a wrongful discharge is a continuing violation). Therefore,

1    the Court finds that Plaintiff's claims against Defendant Peterson in Counts One and Two

2    are not moot; however, Plaintiff has not named a sufficient official capable of providing

3    the requested injunctive relief.

4        Accordingly, the Court will allow Plaintiff 30 days to file a second amended

5    complaint with the limited change of adding the appropriate official who would be able to

6    provide the requested injunctive relief.

7    **IV.    Conclusion.**

8        The Court construes Plaintiff's "Notice of Filing First Amended Complaint" (doc.

9    32), as a Motion to Amend the Complaint, and will grant the Motion. The Court will grant

10   Defendants' Motion to Dismiss (doc. 35) in part, as discussed in this Order. Specifically,

11   the Court finds claims against Defendant Christensen do not relate back to the date of filing

12   of the original complaint and are time-barred. The Court further finds that Plaintiff has

13   stated an FMLA interference claim against Defendant Peterson. Accordingly, Plaintiff's

14   claims against Defendant Peterson in Counts One and Two of the FAC survive. Lastly, the

15   Court finds that Plaintiff's claims against the individual defendants in Counts One and Two

16   are not moot. Within 30 days of this order, Plaintiff shall file a second amended complaint

17   adding the appropriate official with the power to grant the requested injunctive relief

18   requested in Counts One and Two.

19       **IT IS ORDERED:**

20       1.    Plaintiff's Motion to Amend (doc. 32) is **granted**. Plaintiff's First Amended

21   Complaint (doc. 33) is **accepted** as the operative complaint.

22       2.    Defendant's Motion to Dismiss (doc. 35) is **granted in part**. Plaintiff's

23   claims in Counts One and Two against Defendant Christensen are dismissed with prejudice

24   as time-barred, and Defendant Christensen is dismissed from this action. To the extent

25   Defendants' Motion to Dismiss seeks any further relief, the Motion is **denied**.

26   //

27   //

28   //

- 14 -

3.      On or before **December 29, 2022**, Plaintiff shall file a second amended complaint adding the appropriate official able to provide the potential injunctive relief sought in Counts One and Two of the FAC.

Dated this 30th day of November, 2022.

Honorable John Z. Boyle
United States Magistrate Judge